# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-80-LRR |
| vs. | **ORDER** |
| SHAQUANDIS THURMOND, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Shaquandis Thurmond's Objections ("Objections") (docket no. 27) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 23), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 18).

## II. RELEVANT PROCEDURAL HISTORY

On October 9, 2013, a grand jury returned an Indictment (docket no. 2) that charged Defendant with knowingly possessing an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871. The Indictment also included a forfeiture allegation. On November 13, 2013, Defendant filed the Motion. On November 18, 2013, the government filed a Resistance (docket no. 20). On November 22, 2013, Judge Scoles held a hearing on the Motion. *See* Minute Entry (docket no. 21). Defendant appeared in court with his attorney, Max Wolson. Assistant United States Attorney Justin Lightfoot represented the government. On November 27, 2013, Judge Scoles issued his Report and Recommendation, which recommends that the court deny the Motion. On December 11, 2013, Defendant filed his Objections. The Objections and Report and Recommendation are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

### IV. ANALYSIS

Defendant objects to Judge Scoles's finding that "the facts set forth in the search warrant application are sufficient to lead a prudent person to believe that there was a 'fair probability' that contraband would be found in the residence." Report and Recommendation at 9. Defendant also objects to Judge Scoles's finding that if the warrant was not supported by probable cause, the *Leon* good-faith exception applies. Having conducted the required de novo review of the objected-to portions of the Report and Recommendation, the court shall overrule Defendant's Objections and adopt the Report and Recommendation.

## A. Probable Cause

"Probable cause to issue a search warrant exists if there is 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Donnell*, 726 F.3d 1054, 1056 (8th Cir. 2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In determining whether probable cause exists, courts look to the totality of the circumstances and "apply a common sense approach . . . considering all relevant circumstances." *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013) (quoting *United States v. Gleich*, 397 F.3d 608, 612 (8th Cir. 2005)) (internal quotation marks omitted). A reviewing court must "pay 'great deference' to the probable cause determinations of the issuing judge or magistrate, and limit [its] inquiry to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed." *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (quoting *Gates*, 462 U.S. at 236). An affidavit provides probable cause to issue a warrant if it "sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (quoting *Gates*, 462 U.S. at 238). When the judge who issues the search warrant relies solely on a written application to determine whether probable cause exists, "only that information which is found within the four corners of the affidavit may be considered." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (quoting *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999)) (internal quotation marks omitted). In determining whether probable cause exists, courts look to the totality of the circumstances. *United States v. Rodriguez*, 711 F.3d 928, 936 (8th Cir. 2013).

In support of his argument that there was not probable cause to search Defendant's residence, Defendant asserts that "the evidence in the trash pull left no basis whatsoever to believe that further contraband would be present within the residence" and that "the

marijuana evidence found within the trash . . . appeared to contain literally all evidence that one could expect to find surrounding . . . possession [of marijuana]." Objections at 1, 3.

After conducing a de novo review, the court finds that, based on the totality of the circumstances, the warrant was supported by probable cause.[1] In his affidavit, Cedar Rapids Police Officer Randy Jernigan states that, following a trash pull, officers discovered "2 suspected marijuana roaches with green plant material inside that looks and smells like marijuana, blunt material, blunt paper, 2 baggie knots, cigarillos wrappers, and a mail document . . . [addressed] to [Defendant]." Search Warrant Application (docket no. 20-2) at 6-7. Under Iowa law, possession of marijuana is a crime. *See* Iowa Code § 124.401(5) ("It is unlawful for any person knowingly or intentionally to possess a controlled substance."). The court agrees with Judge Scoles that the marijuana and paraphernalia found in the trash pull create a fair probability that evidence of marijuana possession would be found in Defendant's residence. Defendant is correct that the materials found in the trash pull *could* contain all evidence of possession of marijuana. However, there was also a fair probability that law enforcement would find *additional* evidence of marijuana possession inside the residence, and thus the warrant was supported by probable cause. *See, e.g.*, *United States v. Allebach*, 526 F.3d 385, 387 (8th Cir.

---

[1] Defendant appears to argue that Judge Scoles failed to properly consider the totality of the circumstances because he adopted "a bright-line rule that presence of any drug evidence—regardless of whether it implied further evidence was contained within a residence—creates probable cause." Objections at 2. The court disagrees. Judge Scoles declined to base his probable cause determination on the perceived severity of the crime that there was probable cause to believe had been committed. The totality of the circumstances test requires the court to consider all relevant circumstances to determine whether probable cause exists that police will find contraband or evidence of *any* crime, regardless of the crime's severity. Requiring more or less evidence depending on the perceived severity of the crime alleged is not the court's province, and it is not a "circumstance" that the court considers as a part of the totality of the circumstances.

2008) (stating that the court had "little hesitancy" in concluding that "two plastic bags with cocaine residue, two corners torn from plastic bags, Brillo pads, [and] a film canister with white residue were sufficient to establish probable cause that cocaine was being possessed" inside of the defendant's residence (footnotes omitted)); *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003) (holding that drugs or drug paraphernalia are "sufficient *stand-alone* evidence to establish probable cause"). Moreover, this is not a case in which the magistrate who issued the warrant relied solely on the items found in the trash pull. Here, Officer Jernigan also states that Defendant had recently been convicted for a crime involving controlled substances. *See* Search Warrant Application at 7. The combination of Defendant's history with controlled substances and the contraband found in the trash pull created a fair probability that Defendant's residence would contain evidence of illegal marijuana possession. Accordingly, the warrant was supported by probable cause.

## B. Good-Faith Exception

Defendant also argues that Judge Scoles erroneously found that in the absence of probable cause, the good-faith exception applies. The good-faith exception precludes the suppression of evidence when the evidence is "obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). The court has already found that the magistrate judge validly issued the search warrant. Thus, for the reasons that the search warrant was valid, the court finds that the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923. Accordingly, the good-faith exception applies.

## V. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 27) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 23) is **ADOPTED**; and

(3) The Motion (docket no. 18) is **DENIED**.

**DATED** this 19th day of December, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA